UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 174.65.70.207,<br><br>                                    Defendant. | Case No.:  21-cv-2114-JLS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[DKT. NO. 4]** |

Before the Court is Plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference. Dkt. No. 4. Plaintiff has sued only a fictitious "Doe" defendant; thus, no party has filed an opposition to Plaintiff's Application. For the reasons set forth below, the Court **GRANTS** Plaintiff's Application.

### I.    BACKGROUND

On December 21, 2021, Plaintiff filed a Complaint against Defendant "John Doe," who Plaintiff alleges is a subscriber of Cox Communications and assigned Internet Protocol ("IP") address 174.65.70.207. Dkt No. 1 at 2.[1] Plaintiff alleges it "is the owner of award-

---

[1]   When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

1  winning, critically acclaimed adult motion pictures." *Id*. at 1. Plaintiff asserts Defendant is
2  committing "rampant and wholesale copyright infringement" by downloading, recording,
3  and distributing copies of Plaintiff's copyrighted motion pictures without authorization
4  using the BitTorrent file distribution network. *Id*. at 2, 4–6.

5  On January 12, 2022, Plaintiff filed the instant Application. Dkt. No. 4. Plaintiff
6  seeks an order from the Court allowing it to serve a subpoena pursuant to Federal Rule of
7  Civil Procedure 45 on Internet Service Provider ("ISP") Cox Communications seeking
8  Defendant's "true name and address" to "prosecute the claims made in its Complaint."
9  Dkt. No. 4-1 at 8.

## II.   LEGAL STANDARD

The Court may grant a request for early or expedited discovery upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). To determine whether "good cause" exists to permit expedited discovery to identify Doe defendants, the Court considers whether a plaintiff: (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999). Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580.

"A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Id.* at 578 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

**III.   DISCUSSION**

Plaintiff has shown in affidavits attached to its Application that Defendant is real and can be sued and has—through the identification of the unique IP address, the dates and times of the alleged connections, and the name of the ISP—identified Defendant with the requisite specificity to justify an early subpoena. *See* Dkt. No. 4-2 at 22, 26; *see also Malibu Media, LLC v. Doe*, No. 16-cv-444-GPC-BGS, 2016 WL 1618227, at *3–4 (S.D. Cal. Apr. 22, 2016) ("Based on . . . (1) the specific subscriber IP address at issue, (2) the dates and times of connection, and (3) the name of internet service provider for the IP address located, the Court finds the subscriber/doe defendant has been identified with sufficient specificity.").

Plaintiff also established it cannot identify the Defendant without the requested information from the ISP. *See* Dkt. No. 4-1 at 7; *see also Malibu Media, LLC*, 2016 WL 1618227 (relying on a plaintiff's efforts to locate IP address and declaration stating, "the only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider" to establish "a good faith effort to identify the subscriber/doe defendant.").[2]

Moreover, Plaintiff's Complaint alleges Plaintiff owns the copyrights at issue and specifically lists the registration numbers of the allegedly infringed works. *See* Dkt. No.

---

[2]   The Court also considers the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

1-2. Thus, although the Court is not conclusively deciding the matter, it appears the Complaint could withstand a motion to dismiss. *See Malibu Media, LLC*, 2016 WL 1618227, at *4 ("Plaintiff's complaint lists the copyrighted movie titles which it owns and has registered, with a listing of the copyright registration numbers of the allegedly infringed works at issue. . . . The plaintiff has also demonstrated . . . that an ISP maintains the subscriber records that contain the name and address information they seek. Accordingly, Plaintiff has made a prima facie showing of copyright ownership and a violation of the copyright that could survive a motion to dismiss.") (internal citations omitted).

Finally, Plaintiff has shown the requested discovery will lead to identifying information, as it has identified a unique IP address that an ISP can tie, at least potentially, to a specific individual. Dkt. No. 4-2 at 22, 26. Accordingly, Plaintiff has established good cause and may serve a subpoena upon the Cox Communications ISP.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Application is **GRANTED**. Dkt. No. 4. Plaintiff may serve a subpoena on the ISP seeking only the true name and address of the individual identified. Plaintiff may not seek any further information or propound any other discovery without leave of Court and may not use the information gathered through the subpoena for any purpose except to identify and serve the Doe defendant in the instant litigation. If the ISP seeks to quash the subpoena, it must do so before the subpoena's return date, which must be at least 45 days from service. In the event the subpoena is challenged, the ISP must preserve the data sought until the dispute is adjudicated. Plaintiff must attach a copy of this order to the subpoena.

**IT IS SO ORDERED**.

Dated:  January 20, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge